## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ANA PENATE | § | |
| | § | |
| v. | § | |
| | § | Cause No. _____ |
| | § | |
| | § | JURY DEMANDED |
| SERMARIO ANTRON WARD and | § | |
| ISSA LOGISTICS, LLC | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ana Penate, hereinafter referred to as "Plaintiff," and files this her Original Complaint against Sermario Antron Ward (Defendant "Ward") and Issa Logistics, LLC, (Defendant "ISSA") and collectively hereinafter referred to as "Defendants," and would show the Court as follows:

### I.  PARTIES

1.      Plaintiff Ana Penate is a resident of the State of Nevada.

2.      Defendant Sermario Antron Ward is an individual whose last known address is 117 N. Broadway St, Albany, Georgia 31705. Service of process may be obtained on Sermario Antron Ward at his residence located at 117 N. Broadway St, Albany, Georgia 31705. **SUMMONS IS HEREBY REQUESTED.**

3.     Defendant Issa Logistics, LLC is a foreign limited liability company that is organized under the laws of the State of Michigan with its principal place of business at 6532 Beverly Plaza, Romulus, Michigan 48174. Issa Logistics, LLC and may be served with service of process in the State of Michigan, Majed Issa, President: 341 E. Huron St., Ann Arbor, Michigan 48104. **SUMMONS IS HEREBY REQUESTED.**

## II. JURISDICTION

4.     Plaintiff invokes the jurisdiction of this Court by virtue of diversity of citizenship and the subject matter of the cause of action exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, pursuant to 28 § U.S.C. 1332.

## III.   VENUE

5.     Venue is proper pursuant to 28 U.S.C. § 1391.

6.     Plaintiff, based upon information and belief, would state that Issa Logistics, LLC transacts business in Wilmer, Dallas County, Texas, and is "subject to personal jurisdiction at the time the action is commenced" within the Dallas Division, Northern District of Texas.

7.     Plaintiff would state that a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas, which is within the Northern District of Texas.

## IV.    NATURE OF ACTION

8.      This is a suit for personal injuries sustained by the Plaintiff, Ana Penate, as a result of an automobile wreck which occurred on November 14, 2020. The Plaintiff is seeking damages for the personal injuries she sustained as a result of the motor vehicle accident.

## V.    STATEMENT OF FACTS

9.      On or about November 14, 2020, Plaintiff Penate was a passenger in her husband's 2015 Freightliner while he picked up a delivery for his trucking company, Penate Trucking LLC.  They travelled to a Procter & Gamble distribution center in Wilmer, Dallas County, Texas.

10.     On or about November 14, 2020, Defendant Ward was driving a tractor trailer owned by his employer, Defendant Issa Logistics, LLC, which bore the license plate RB63237. Defendant Issa Logistics, LLC is a freight delivery service. Defendant Ward travelled to Wilmer, Dallas County, Texas to pick up a delivery for his employer.

11.     On the day of the accident, the Penates went to pick up a delivery to transport from the Procter & Gamble distribution center located at 101 Mars Rd, Wilmer, Texas 75172 to receive the delivery.

12.     Plaintiff and her husband arrived at the Procter & Gamble DLMC gate at approximately 7 p.m. but their delivery was not ready for them to load the Freightliner. Plaintiff and her husband decided to park around the perimeter of the Procter &

Gamble parking lot, facing the loading dock, to wait for their delivery. Once parked, the Penates went to sleep in the bunk beds inside of the Freightliner.

13.     At approximately 4:00 to 4:30 a.m., Defendant Ward arrived at the Procter & Gamble loading dock at 101 Mars Rd, Wilmer, Texas 75172. Defendant Ward proceeding to swing his vehicle out facing the parking spaces to back his truck into the dock. However, Defendant Ward failed to keep a proper lookout and suddenly and unexpectedly crashed his semitruck into Plaintiff's Freightliner such that the front of his vehicle hit the front of Plaintiff's parked vehicle.

14.     This collision occurred suddenly and without warning. The impact of the crash threw Mrs. Penate off the bunk bed she was sleeping on, causing her to land on her ride side, specifically on her right shoulder, elbow, and knee.

15.     Plaintiff suffered serious bodily injuries as a result of the crash.

## VI.   CAUSES OF ACTION
## COUNT I NEGLIGENCE OF DEFENDANT WARD

16.     Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein and further states as follows:

17.     The acts and omissions of Defendant Ward constitute negligence, and separately and concurrently were a proximate cause of the incident upon which this suit is based, and of the injuries and damages suffered and sustained by Plaintiff. The negligent acts and omissions of Defendant include the following:

a) Failing to operate his vehicle in a safe manner;

b) Failing to control his brakes;

c) Failing to avoid Plaintiff's parked vehicle;

d) Driver inattention.

e) Failing to maintain a proper lookout; and

f) In committing various acts and/or omissions of negligence, to be specified in detail at the time of trial.

18.   Defendant Ward's conduct was malicious, willful and reckless or in wanton disregard of the rights and safety of others.

19.   As a direct and proximate cause of Defendant Ward's negligence, Plaintiff Penate sustained serious injuries and damages, including pain and suffering, mental anguish and distress, and loss of enjoyment of life.

20.   Each of the foregoing acts and omissions, when taken separately or together, constitute negligence. Such as were a direct and proximate cause of the injuries and damages sustained by Plaintiff

## COUNT II- NEGLIGENCE & RESPONDEAT SUPERIOR
## OF DEFENDANT ISSA

21.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 20 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

22.   Defendant Ward was an employee of Defendant ISSA and was acting in the course and scope of that employment at the time of the accident.

23.     As such, Defendant Issa Logistics, LLC is liable for the torts committed by its employees during the course and scope of their employment. Defendant Issa Logistics, LLC's employee while acting in the course and scope of his employment had a general duty to exercise reasonable care in performing his work. Defendant Issa Logistics, LLC's employee, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant Issa Logistics is liable for the injuries sustained by Plaintiff.

24.     Defendant ISSA is engaged in the business of commercial transportation through the United States.

25.     Defendant ISSA had a duty to exercise reasonable care in the management and operation of its commercial trucks.

26.     Additionally, Defendant ISSA had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training, retaining, or supervision of its employees.

27.     Defendant ISSA failed to exercise reasonable care in the management and operation of its commercial trucks and trailers, and failed to exercise reasonable care in the hiring, training, supervision and/or retaining of its employees.

28.    As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant ISSA, Plaintiff suffered serious injuries requiring substantial costs and expenses, past, present and future loss of enjoyment of life, past, present and future emotional distress, past, present and future pain and suffering, past, present and future loss of household services, all in amount not presently determinable, for which she seeks relief pursuant to applicable laws.

## COUNT III- NELIGENCE PER SE

29.    The allegations alleged in paragraphs 1-28 are re-alleged and are incorporated herein by reference.

30.    The following acts and/or omissions of Defendants constitute negligence per se by Defendants WARD and ISSA, jointly and severally, by and through its agents, servants, and/or employees acting in the course and scope of employment:

      a.  CFR § 392.2 – Applicable Operating Rules

## VII.   DAMAGES

31.    As a direct and proximate result of the aforesaid negligence on the part of the Defendants, Ana Penate sustained injuries to her neck, shoulders, back, right elbow, right arm, and right knee.  That the injuries sustained by her have caused her physical and mental pain and anguish in the past, including loss of enjoyment of life, and in all reasonable probability will cause her physical and mental pain and anguish in the future, including loss of enjoyment of life; that she has incurred reasonable and

necessary hospital, doctor and medical bills for treatment of her injuries in the past and in all reasonable probability she will incur reasonable and necessary hospital, doctor and medical bills for treatment of her injuries in the future; that she has sustained physical impairment in the past and in all reasonable probability she will sustain physical impairment in the future; that she sustained a loss of wages and a loss of wage earning capacity.

32.    As a result of the foregoing, Ana Penate has been damaged in an amount of at least $233,095.76.

33.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer damages.  Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

   A. Reasonable medical care and expenses in the past

   B. Reasonable and necessary medical care and expenses, which in all reasonable probability be incurred in the future.

   C. Mental anguish in the past

   D. Mental anguish in the future, which in all probability, be incurred in the future

   E. Pecuniary loss in the past

   F. Pecuniary loss in the future, which all in probability, be incurred in the future

   G. Loss of Household services in the past and in all probability to be incurred in the future;

H.  Pain & Suffering in the past and in all reasonable probability be sustained in the future

I.  Disfigurement in the past and in reasonable probabilities be sustained in the future

J.  Loss of earnings in the past

K.  Loss of earnings and earning capacity, which will, in all probabilities be incurred in the future

L.  Physical impairment in the past and in reasonable probabilities be sustained in the future

34.    All losses, harm, and legal damages suffered by Plaintiff were caused by and proximately caused by Defendants' negligent acts and/or omissions.

## PRAYER

Plaintiff respectfully requests that Defendants be served with process, that they be required to appear and answer in this lawsuit, and that after a trial or other final hearing on the merits, the Court enter a judgment awarding Plaintiff compensatory damages, as well as, costs, interest, or any other relief, monetary or equitable, to which Plaintiff may be justly entitled including as follows:

A.  Past & Future Medical care and expenses, which in all reasonable probability be incurred in the future.

B.  Past and Future Mental anguish in the past, which in all probability, be incurred

in the future

C.  Pecuniary loss in the past & Pecuniary loss in the future, which all in probability,

    be incurred in the future

D.  Past and future loss of household services, which in all reasonable medical probability Plaintiff will continue to suffer for the rest of her life, has caused ability to perform household services to be permanently and materially diminished in the future.

E.  Loss of enjoyment of life as a result of the injuries occurred and will continue to suffer loss of enjoyment in the future;

F.  Pain & Suffering in the past and in all reasonable probability be sustained in the

    future

G.  Disfigurement in the past and in reasonable probabilities be sustained in the

    future

H.  Loss of earnings in the past

I.  Loss of earnings and earning capacity, which will, in all probabilities be incurred

    in the future

J.  Physical impairment in the past and in reasonable probabilities be sustained in

    the future

K.  Pre-judgment interest at the maximum legal rate per annum until paid;

L.  Post-judgment interest at the maximum legal rate per annum until paid;

M. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**TRACEY, FOX, KING & WALTERS**

*/s/ Sean Patrick Tracey*

_____

Sean Patrick Tracey
Texas Bar. 20176500
Lance N. Walters
Texas Bar:  24085639
440 Louisiana Street, Suite 1901
Houston, Texas 77002
stracey@traceylawfirm.com
lwalters@traceylawfirm.com
efiling@traceylawfirm.com
(713) 495-2333 Telephone
(713) 495-2331 Facsimile

**ATTORNEY FOR PLAINTIFF**

**JURY DEMAND**

Plaintiff demands a jury trial on all issues in this matter.

*/s/ Sean Patrick Tracey*
_____
Sean Patrick Tracey